Pratt, J.
This is a proceeding under chapter 269 of the Laws of 1880, to review an assessment upon the real property of the petitioners upon the ground that the assessment is “unequal in that the assessment is made at a higher proportionate valuation than other real or personal property on said roll,” to the injury of the petitioners.
The judge at special term decided that the assessment was unequal, and directed the assessors to meet together and reduce the same to certain sums specified in the judgment and further, “That the assessors were guilty of gross negligence in making such assessments and that they pay the costs of petitioners.
An appeal is taken from the judgment, and also a separate appeal by the assessors personally, from that part of the judgment directing them to pay costs. Whether the assessment is unequal or not, presents a question of fact, which was properly disposed of. The evidence supports *526 the findings in this regard, and no error was committed in the trial that requires discussion.
Objection is made to the form of the judgment reducing the assessment, in that it fixes the amount at which the property must be assessed. It is evident, however, upon reading section 8 of the law upon which this proceeding is based, that the court has power to fix the amount for which the property should be assessed; the judgment was therefore, in proper form.
That part of the judgment which holds the executors to pay the costs, presents a question of more difficulty. It is certainly hard for a party who has been unjustly taxed, to have to pay costs in order to obtain relief, but costs in every case are dependent upon statute, and unless some statutory authority existed, either awarding costs or leaving costs at the discretion of the court, none can be imposed.
The statute authorizing this proceeding allows no costs, except in case the assessors in imposing the tax, act in bad faith or are guilty of 'gross negligence, in which case costs may be awarded against them, in the words of the statute “ act with gross negligence or malice.”
The court below has found that they were guilty of gross negligence, and the only question is whether the proofs sustain such a finding of fact.
We are unable to find satisfactory proof that the assessors were grossly negligent. Such conclusion is an inference from the fact that the valuation was raised $100,000 over the previous years. This increase was made deliberately by the assessors after a careful survey of the premises, and under their oaths, and w-ith a failure to find that they acted with malice, the inference is strongly in favor of the conclusion that they exercised due care in fixing the amount. At all events there is such an absence of evidence of gross carelessness as to render such a finding unsupported by the evidence. The judgment should be modified by striking that part awarding costs against the appellants personally, and,, thus modified, affirmed with costs of this appeal.
Barnard, P. J., concurs; Dykman, J., not sitting.